## DEWEY CLARK v. THE STATE.

No. 13154. Delivered March 19, 1930.
Rehearing denied April 30, 1930.
Reported in 27 S. W. (2d) 228.

The opinion states the case.

*Adams & Hamilton* of Jasper, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

It was shown by testimony that the store of Mr. Kennedy in San Augustine county, Texas, was burglarized on the night of June 18, 1926. A small safe and its contents were taken. Mr. Kennedy testified that on Monday after the burglary Friday night he got back twenty-three dollars in money, a pistol, his books and some checks and a post-office money order. He got these back from Sheriff Wilkerson. Mr. Wilkerson testified that on the morning after the burglary he followed some car tracks from Kennedy's store to the home of appellant where he found a car having on it casings corresponding with the tracks. Later the officer got a search warrant and went back to the Clark house. Appellant was lying on a bed sleeping, and by him was a pistol having a number identical with the number of the pistol given him by Kennedy. In appellant's trunk the officer found a sack containing money and other articles which were returned by the officer to Mr. Kennedy, and by the latter identified. After finding the property in appellant's trunk the officer told appellant that Kennedy's books and things were of much value to him as he had his accounts, etc., on them, whereupon appellant informed the officer that he would get these things for him. They got in a car and came back up the road to a point where they turned off and went out to a pile of poles, and under them found Kennedy's books and papers and post-office money orders, and a check or two. Appellant dug these things out from the pile and gave them to the officer who took them to Mr. Kennedy, and same were by Kennedy identified. The facts seem amply sufficient to justify the conclusion

of guilt. Appellant did not testify, nor did he introduce any witnesses who gave testimony to facts combating the proposition of his guilt. Appellant's father was introduced to testify that Mr. Kennedy approached him on the question of a settlement, and the clerk was also introduced to testify that certain indictments against appellant were dismissed.

There are five bills of exception. The first complains of a statement by witness Wilkerson to the effect that he asked appellant who was with him, and that appellant told him that G. W. Warner and himself were the ones who broke into the store. The ground of the objection is that appellant was under arrest at the time. The bill contains no certificate of the court to the fact that appellant was under arrest at said time. The bill shows no error.

Bill 2 sets up appellant's objection to Mr. Wilkerson testifying that he went to Louisiana after the defendant. The ground of objection is that the evidence does not show the reason why Mr. Wilkerson went to Louisiana to arrest the defendant. Such bill manifests no error. To call for favorable ruling from this court the statements of a bill must be so full and complete as that we may know not only the ground of the objection, but that the matter objected to was in fact error, and that it was of such nature as to be harmful to the accused.

Bill 3 presents objection to the testimony of Mr. Kennedy describing the property that he lost at the time of the burglary. The objection to this was that Mr. Kennedy did not testify that said property was stolen and was the identical property taken out of the store. We are unable to agree to the correctness of such a proposition, and are of opinion that Mr. Kennedy did testify that this property was taken from his store and that it was returned to him.

Bill 4 was taken to the refusal of the court to permit appellant to show a conversation between appellant's father and Mr. Kennedy "On the question of settlement of this matter." We do not perceive the pertinence of the matter set out in the bill as expected from the testimony of appellant's father. Mr. Kennedy's willingness vel non to prosecute appellant, could in nowise affect the right of the State of Texas to institute and carry on to consummation a prosecution of one charged with crime. We can not agree with appellant's contention that the testimony does not make out a case. The possession of recently stolen property unexplained has been held in many cases to be a circumstance of sufficient cogence to justify conviction for burglary or theft. Car tracks were traced from the burglarized store

to appellant's home. He was found the next day asleep, and on the bed by his side was a pistol taken from the burglarized store. In appellant's trunk was a number of articles taken from said store. Appellant went that same day with the officer and took from under a pile of poles and delivered to the officer other articles taken from the store. We think the jury justified in finding him guilty.

The judgment will be affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant bases his motion for rehearing on a reiteration of the contention that the trial court was in error in receiving evidence from the sheriff regarding certain things said to him by appellant while under arrest. Waiving the defects in the bill mentioned in our original opinion, the question seems of easy solution on another ground. As we understand the record certain books and papers were stolen at the same time other property was taken from the burglarized store. Upon being asked about the books and papers appellant said he would get them and went with the officers and in their presence recovered the articles mentioned from where he had secreted them. As we understand the facts everything said by appellant to the officers was in the same conversation in which was disclosed the hiding place of the books and papers. Under Art. 727 C. C. P. this rendered admissible all the statements made by appellant. For authorities see Note 12, under Art. 727, Vernon's Ann. Tex. C. C. P.

The motion for rehearing is overruled.

*Overruled.*